UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

#23-CR-10031-IT

_____

UNITED STATES

v.

NATHAN BODDIE

_____

**DEFENDANT'S MOTION REQUESTING THE COURT TO DECLARE A CATEGORICAL POLICY DISAGREEMENT WITH THE PURITY-DRIVEN METHAMPHETAMINE GUIDELINES**

Nathan Boddie ["Boddie"], defendant in the above-captioned criminal case, hereby moves this Court to declare a categorical policy disagreement with the purity-driven methamphetamine sentencing guidelines that irrationally and unfairly establish a 10:1 ratio in their treatment of identical quantities of methamphetamine mixtures and "actual" methamphetamine. As grounds therefore, defendant avers as follows:

1. On May 19, 2023, Boddie pled guilty to a single count of conspiracy to distribute and to possess with intent to distribute controlled substances. During the change of plea hearing, the government alleged and the defendant acknowledged that "the relevant seizure" involved at least 237 grams of 88% pure methamphetamine. Sentencing is scheduled for September 19, 2023. The presentence investigation is ongoing, and a draft Presentence Investigation Report has been prepared by Probation and distributed to the parties.

2. In its draft PSR, Probation relies upon the "actual" methamphetamine guidelines set forth at U.S.S.G. §2B1.1(4) to set Boddie's base offense level at 32 (at least 150 grams but

less than 500 grams of actual methamphetamine or "ice".)

3.     The methamphetamine guidelines, as currently written, are predicated upon a 10:1 ratio between methamphetamine mixtures on the one hand and "actual" methamphetamine or "ice" on the other.  Thus, for example, if the same 237 grams shipment intercepted in this case was treated as a methamphetamine mixture, the applicable base offense level would be 26, rather than 32.  Accordingly, this 10:1 ratio embodied in the guidelines exerts an enormous impact on the guidelines sentencing range for any defendant convicted of a methamphetamine offense.

4.     In the past six years, at least 14 district courts throughout the United States have declared a categorical policy disagreement with the 10:1 ratio embodied in the methamphetamine guidelines.  Those courts have found, *inter alia*, that the current, purity-driven methamphetamine guidelines: (1) are not empirically-based: (2) fail to reflect in any rational way a defendant's role in a drug-trafficking conspiracy; (3) create unwarranted sentencing disparities between methamphetamine offenses and offenses involving other major drugs; (4) subject methamphetamine defendants to the vagaries of whether or not purity testing is actually conducted prior to sentencing; and (5) undermine statutory sentencing objectives as  set forth at 18 U.S.C. §3553(a).

5.     It is well-settled that district courts may vary from the guidelines, not only due to individualized determinations specific to particular defendants, but also based on categorical policy disagreements with the guidelines themselves.  *Spears v. United States,* 555 U.S. 261, 264 (2009)(*per curiam*); *Kimbrough v. United States*, 552 U.S. 85,

106-107, 110 (2007); *United States v. Stone,* 575 F. 3d 83, 89 (1st Cir. 2009).

6.     Based upon the persuasive reasoning of a growing body of district courts throughout the United States that have rejected the current methamphetamine guidelines, there are compelling grounds for this Court to do likewise by declaring a categorical policy disagreement with the 10:1 ratio and, in lieu therefore, applying the methamphetamine mixture guidelines to this and all subsequent sentencings of defendants convicted of methamphetamine offenses.

7.     The grounds for the instant motion are set forth more fully in the Memorandum of Law and Exhibits filed herewith.

Respectfully submitted,

NATHAN BODDIE

By his attorney,

 /s/ James L. Sultan
James L. Sultan, BBO #488400
jsultan@rankin-sultan.com
Rankin & Sultan
1666 Massachusetts Avenue, Suite P-16
Lexington, MA 02420
(617) 720-0011

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 9, 2023.

 /s/ James L. Sultan
James L. Sultan

3