UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

#23-CR-10031-IT

_____

UNITED STATES

v.

NATHAN BODDIE

_____

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION REQUESTING THE COURT TO DECLARE A CATEGORICAL POLICY DISAGREEMENT WITH THE PURITY-DRIVEN METHAMPHETAMINE GUIDELINES**

In the memorandum supporting his motion asking the Court to reject the purity-driven methamphetamine guidelines, the defendant argued, *inter alia*: (1) the Court has the authority to declare such a categorical disagreement and apply it in this case (Def. Mem., p. 5); (2) there is no empirical basis for the purity-driven guidelines (*id*. at 3); (3) methamphetamine purity is no longer a reasonable proxy for a defendant's role in the offense (*id.* at 3-4); (4) the purity-driven methamphetamine guidelines are unduly harsh compared to those for other dangerous drugs, including fentanyl, heroin, and crack cocaine (*id.* at 4-6); (5) the current guidelines are unfairly arbitrary based upon whether or not testing is carried out by the government prior to sentencing (*id.* at 2); (6) the current guidelines undermine principles set forth at 18 U.S.C.§3553 (a) (*id.* at 5); and (7) at least 14 District Judges throughout the United States and at least one in this District have recognized that the purity-driven guidelines should not be adhered to, either categorically or in a particular case (*id.* at 6-7). As demonstrated below, there is nothing in the government's 13-page Opposition which contravenes any of these meritorious arguments.

First, the government acknowledges that the Court has authority to reject the purity-driven methamphetamine guidelines categorically. Opp., pp.1-2 .  Second, the government doesn't deny that those guidelines lack any empirical basis, yet claims that sentencing should be "subjective." *Id.* at 8.  Third, the government doesn't even try to argue that purity remains a viable proxy for a defendant's role or the seriousness of the offense.  Instead, it says that quantity is a  reasonable proxy. *Id*. at 8-10.  But quantity has nothing to do with purity when all methamphetamine is pure. Fourth, the government doesn't deny that the methamphetamine guidelines are harsher than those for other drugs.  Instead, it offers a history lesson about the origin of those harsh guidelines from 1987 to 1998,  an origin story not particularly relevant 25 years later as the ground has shifted dramatically and argues that methamphetamine is dangerous (more dangerous than fentanyl?)  *Id.* at 3-6, 10-11.  Fifth, the government contends, without any authority,  that the arbitrariness of whether or not drug testing is carried out prior to sentencing isn't a real problem. *Id.* at 11.   But numerous courts have found otherwise.  *See., e.g.,  United States v. Havel*, 2023 WL 1930686 (D. NE. 2/10/23) at *5; *United States v, Pereda*, 2019 WL 463027 (D. CO. 2/6/19) at *5 ; *United States v. Hoover*, 2018 WL 5924500 (D. ID 11/13/18) at *3. Sixth, the government asserts as an *ipse dixit* that these defective guidelines, which clearly create "unwarranted sentence disparities" among similarly-situated defendants charged with trafficking different drugs and do not accurately "reflect the seriousness of the offense" somehow comport with §3553 (a).  *Id.* at 12. But many of the courts that have refused to follow them have found otherwise.  *See, e.g.*, *Havel*  at *5; *United States v. Rodriguez*, 382 F.Supp.3d 892, 897 (D. AK. 2019); *Hoover* at *4.  Finally, the government does not dispute that numerous courts throughout the country (and at least one District Judge in this District) have rejected these guidelines, either categorically or in a particular case.  *Id.* at 7. Curiously, the

government chooses not to discuss the reasoning or holdings of any of those cases, as if that would somehow make them disappear.

For all of these reasons and for the reasons set forth in the defendant's previously-filed memorandum and exhibits, the Court should declare a categorical policy disagreement with the purity-driven methamphetamine guidelines and refuse to adhere to them in this case.

Respectfully submitted,

NATHAN BODDIE

By his attorney,

 /s/ James L. Sultan
James L. Sultan, BBO #488400
jsultan@rankin-sultan.com
Rankin & Sultan
1666 Massachusetts Avenue, Suite P-16
Lexington, MA 02420
(617) 720-0011

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 14, 2023.

_____/s/ James L. Sultan_____
James L. Sultan

3